# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620


May 7, 2021

**VIA ECF**

Honorable George B. Daniels
United States District Judge
United States District Court
500 Pearl Street, Courtroom 11A
New York, NY 10007

Re: Rojas Ortiz et al v. 240 BBJ Pub Inc. et al; 19-cv-03869-GBD

Your Honor:

This office represents the Plaintiffs in the above referenced matter. Plaintiffs write, jointly with Defendants as to section I below, to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

Plaintiffs brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and violations of the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a).

Plaintiffs allege they were employed by Defendants as food service workers at their restaurants, Jack Doyle's and John Sullivan's. They also allege Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, failure to pay spread of hours pay, unauthorized deductions from wages and gratuities, and failure to provide annual notice and wage statements.

## I. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $70,000 to settle all claims with one (1) payment. Of the settlement amount, two thirds, or $46,964.00 will go to the Plaintiffs, with $23,036.00 to go to Plaintiffs' attorneys.

Plaintiffs allege they are entitled to back wages of approximately $129,373.88 from Defendants. Plaintiffs estimate that if they had recovered in full for their claims, exclusive of attorney's fees, they would be entitled to approximately $339,751.66. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June00 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Significantly, Defendants vigorously contested the alleged hours worked by the Plaintiffs, duties of the Plaintiffs, and the method of Plaintiffs' pay.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

**II. Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with his retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $23,036.00 from the settlement fund as attorneys' fees and costs. This represents remuneration of the filing fee and service of process costs incurred in filing the Complaint plus one third of the remainder of the recovery in this litigation.

The sum Plaintiffs' counsel will receive represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreements, which provides that forty percent of Plaintiffs' recovery will be retained by the firm. The lodestar amount, as reflected on the invoice attached hereto as Exhibit C, is $9,899.30

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of individuals who performed billed work on behalf of Plaintiff in this matter, including the effective billable rate which the parties' request that the Court apply

should the Court undertake a "lodestar analysis of the fairness of such fees (see, e.g,., Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany, 493 F. 3d 110 (2d Cir. 2007):

i. I, Michael Faillace ("MF"), am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. My work is billed at the rate of $450 per hour, my standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with my level of experience (37 years) and expertise is reasonable. See, e.g., Manley v. Midan Rest. Inc., No. 1:14-cv- 1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

ii. Yolanda Rivero ("YR") was an associate at Michael Faillace & Associates, P.C. She graduated from Albany Law School in 1996. She practiced as an associate with Michael Faillace & Associates, P.C. from January 2008 until April 2013, and from April 2019 to January 2020, cultivating a background in labor and employment law, with a focus on FLSA litigation. Her work was billed at a rate of $350 per hour.

iii. Jordan Gottheim ("JG"), graduated from Fordham University School of Law in 2016. He cultivated an expertise in labor and employment law through internships in his law school's clinical educational department and LexisNexis's Lexis Practice Advisor Labor and Employment Law module, and through wage and hour associate experience at Heng Wang & Associates, P.C. and, from January 2020 to January 2021, at Michael Faillace & Associates, P.C. His work was billed at a rate of $350 per hour.

iv. Catalina Sojo ("CS") graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, she focused my practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. Her work is billed at a rate of $350 per hour.

v. Jasmine Hernandez ("PL") is a paralegal at Michael Faillace & Associates, P.C. She graduated from City University of New York Hunter College in

May 2018 with a dual Bachelor of Arts in Anthropology and Political Science and joined the firm of Michael Faillace & Associates in April 2019. Ms. Hernandez's work is billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Manley, supra, Doc. No. 42, at *37; Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Michael Faillace
Michael Faillace
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiffs

Enclosures

cc: Defendants' Counsel (via ECF)